EVA BELLE HAIGHT, APPELLEE, V. OMAHA & COUNCIL
BLUFFS STREET RAILWAY COMPANY, APPELLANT.

FILED DECEMBER 1, 1917.  No. 19973.

1. **Pleading.** A defendant may plead as many defenses as he has. Al·
legations of fact showing that the negligence of the plaintiff was
the sole cause of her injuries would amount to a specific denial
of the allegation that defendant's negligence was the proximate
cause.

2. **Negligence:** BURDEN OF PROOF. In an action for damages caused
by defendant's negligence, the burden is upon the plaintiff to prove
negligence and that it was the proximate cause of her injury. So
far as plaintiff's negligence is material, the burden is upon the de-
fendant to make such proof.

3. ———: ———: INSTRUCTIONS. In such action, if defendant pleads
in one count, as special denial, facts that are inconsistent with
plaintiff's allegations of negligence, and also facts that would
amount to negligence of plaintiff, defendant cannot complain of in-
structions that the burden of proving defendant's negligence is
upon plaintiff, and of proving plaintiff's negligence is upon defend-
ant, in the absence of a request for more specific instructions.

APPEAL from the district court for Douglas county: LEE
S. ESTELLE, JUDGE. *Affirmed.*

*John L. Webster,* for appellant.

*Weaver & Giller, contra.*

SEDGWICK, J.

Plaintiff recovered a judgment for $5,300 for personal
injuries alleged to have been sustained by her by reason of
the premature starting of a street car while plaintiff was
alighting therefrom, and defendant appeals.

The first question presented is upon the instructions, as
to the burden of proof in the peculiar condition of the plead-
ings and evidence.

Plaintiff in her petition in the district court alleged that
she became a passenger on one of defendant's cars, and
"that after she had boarded said car and gave the conductor

in charge thereof her transfer she requested him to stop said car at the intersection of Yates street with said Sherman avenue for the purpose of permitting her to alight; that when said car approached Yates street said conductor gave the usual and customary signal of one bell to stop the car and said car was thereupon brought to a standstill at about said intersection; that when said car had been brought to a standstill as aforesaid plaintiff passed out the door onto the rear platform for the purpose of alighting from said car; that while in the act of so alighting therefrom, and before plaintiff had a reasonable and sufficient time so to do, and without giving her the necessary and usual time for that purpose, said conductor in charge and control of said car negligently and carelessly, and without any regard whatever for the safety of life and limb of this plaintiff, gave the usual and customary signal to go ahead, to wit, two bells, whereupon said car was suddenly and immediately started forward by defendant, its agents and employees, and plaintiff was thereby jerked, thrown, and dragged down from said car to and upon the pavement."

The defendant's answer denies: "That the car on which the plaintiff was riding started forward while the plaintiff was in the act of alighting therefrom, and denies that the conductor in charge of said car gave any signal for the said car to start forward while the plaintiff was in the act of alighting therefrom, and denies that the said plaintiff was jerked or thrown from the said car, and denies that the defendant, its agents and employees were guilty of any negligence whatever. The defendant for further answer avers the facts to be as follows: That the plaintiff was riding on a car south-bound on Sherman avenue; that the said car was brought to a stop at the regular stopping place at the west side of the intersection of Sherman avenue with Yates street for the purpose of permitting whatever passengers, if any, who desired so to do, to board or alight from the said car; that the said car remained standing at the regular stopping place for a reasonable length of time to permit all passengers, who so desired, to alight from said car; that the

plaintiff herein sat in her seat without manifesting any indication or making any sign that she desired to alight from the said car at the said street intersection; that after the said car had so remained standing at the said street intersection and after it was evident to the conductor in charge of said car that no other persons desired to alight from or board the said car at the said street intersection, the said conductor thereupon signaled the motorman to start the said car; that after the said car had been started forward the plaintiff herein arose from her seat and rushed to the rear platform of the said car and indicated to the conductor that she desired to alight from the said car at Yates street; that, thereupon, the said conductor signaled the motorman to again stop the said car for the purpose of permitting the plaintiff to alight therefrom." The defendant further "avers that whatever injuries, if any, the plaintiff received were the result of her own negligence in alighting from a moving car as hereinbefore more specifically pleaded." The plaintiff for reply denied seriatim the several affirmative allegations of the answer, and denied "that she was guilty of any negligence whatever at the time she was attempting to alight from said car."

A defendant may plead as many defenses as it has. This is by express provision of the statute. Allegations of fact showing that the negligence of the plaintiff was the sole cause of her injuries would amount to a specific denial of the allegation that defendant's negligence was the proximate cause. Such allegations might also amount to a plea that the negligence of the plaintiff contributed to the cause of her injuries, and admit proof of such contributory negligence. It does not seem in the case at bar that the defendant really attempted to plead contributory negligence in a technical sense. The attempt was to plead facts entirely inconsistent with the plaintiff's claim; that is, inconsistent with the idea that the car had stopped and was suddenly started while the plaintiff was trying to get off. The gist of the negligence charged against the defendant is that they suddenly started the car, and the plaintiff ought not to be allowed to recover unless that was the fact, and that is-

sue should have been so submitted to the jury. The burden of proof is upon the plaintiff to show that she attempted to alight from the car while it was standing, and that the defendant started it suddenly while she was doing so, which was the cause of her injury, and the burden to make this proof is upon the plaintiff. Unless she proves this by a preponderance of the evidence we should find for the defendant. That was all the burden of proof that was upon the plaintiff.

In pleading the special denial that the plaintiff was not attempting to leave the car while it was standing still, and that the accident was not caused by the defendant suddenly starting the car while she was alighting, it was not necessary to allege that she negligently did what she did. The denial of the plaintiff's cause of action would be just as effective without the word "negligent" or "negligently." So far as the negligence of the plaintiff was material in this case, the burden of course was upon the defendant to prove such negligence. To illustrate: Suppose that the evidence should turn out to be that the plaintiff was about to get off the car while it was standing still, and that the defendant suddenly started the car before she had alighted, but the plaintiff, knowing that the car was in motion, negligently stepped off the car and so contributed to her injury, then the evidence would show negligence on the part of the defendant in starting the car just as the plaintiff was about to alight, and contributory negligence on the part of the plaintiff in voluntarily getting off the car while it was in motion. In such case, that she did so voluntarily get off while the car was in motion would be for the defendant to prove, and the burden of this proof would rest upon the defendant throughout the trial. Apparently it is to hedge against such a situation that the defendant in such cases insists upon alleging, not only that the accident happened in a different way and at a different place from what the plaintiff alleges, but also that the plaintiff negligently got off the car while it was in motion. If the fact was that she negligently stepped off the car while it was in

motion, then she could not recover, even though the defendant had negligently started the car just as she was about to alight from it. And this is the reason that the defendant charges her conduct to be negligent. It does not seem to be a fair way to plead, and yet no other way is suggested that the defendant could consistently plead so as to avail itself of any situation that the evidence might develop. Such pleading is not to be commended. If the defendant relied upon these allegations as a defense, they might reasonably be presented to the jury in the opening statement of counsel, but can be of no use in the answer, unless the evidence should disclose a situation, as alleged by plaintiff, showing negligence of defendant, and it might become necessary to rely upon contributory negligence as a defense.

If, after the evidence was submitted, the defendant desired to have the case submitted by the instructions upon the theory that, if the jury found the defendant negligent as alleged, they should further consider whether the plaintiff was not also guilty of contributory negligence, the defendant should have offered instructions pertinent to such a theory. No such instructions were offered. The defendant's manner of pleading tends to confuse the issue, and to mislead the plaintiff and the court. After stating the issues at length as presented by the parties, the court said: "If the evidence as to the manner in which the accident occurred preponderates in favor of defendant, or is equally balanced as between plaintiff and defendant, then your verdict should be for defendant." The court then stated that part of defendant's answer which might be construed as pleading contributory negligence, and said: "The defendant has alleged in its answer that her injuries were caused by her own negligence. The burden of proof is on the defendant to prove this allegation by a preponderance of the testimony. Now, if, after a fair and full consideration of all the testimony, you find that defendant has so proved plaintiff's negligence, then your verdict should be for the defendant." The defendant cannot complain of these instructions. The defendant presented seven requests for instructions. The most of these were incorporated in the in-

structions given by the court. They related entirely to the general and special denials of the answer. If given, they would have had no effect but to repeat and emphasize the instruction given by the court: "If the evidence as to the manner in which the accident occurred preponderates in favor of defendant, or is equally balanced as between plaintiff and defendant, then your verdict should be for defendant." There was no attempt to assist the court in presenting the supposed defense of contributory negligence, and defendant ought not to complain of any incomplete presentation of that issue to the jury.

The plaintiff testified fully as to how the accident occurred. She was not supported by any other witness. The defendant quotes the evidence of seven witnesses, some of whom appear to be disinterested. The court instructed the jury: "By a preponderance of the evidence is meant not necessarily the greater number of witnesses, but that amount of evidence which on the whole produces the stronger impression upon the minds of the jury, and convinces you of its truth when weighed against the evidence in opposition thereto." The defendant insists that "the unsupported evidence of the plaintiff is not sufficient to sustain this verdict and judgment in view of the large number of witnesses who impeach the plaintiff on every statement made by her as to the manner in which the accident occurred;" and that "the court should have said to the jury that, where the witnesses had an equal opportunity of seeing and knowing that about which they testified, and are of apparent credibility, then the number of witnesses should be considered, if not controlling." No such instruction was requested by defendant. The writer would hesitate to find that this verdict is sufficiently supported; but a majority of the court are of opinion that the plaintiff's evidence was so direct and consistent that reasonable minds might differ as to its accuracy, and that the court cannot say that the verdict of the jury is clearly wrong.

The judgment of the district court is therefore

AFFIRMED.

LETTON and CORNISH, JJ., not participating.

HAMER, J., concurring in part and dissenting in part.

I concur in the argument contained in the opinion and in the statements contained in paragraphs 1 and 2 of the syllabus. While I think both are to be commended for their clearness of language and their aptness of expression, I am wholly unable to agree with the majority opinion that the judgment should be affirmed. I think the evidence is insufficient to sustain the verdict and judgment of the district court, and for that reason I dissent from the majority opinion, and agree with the personal opinion of its writer that he would "hesitate to find that this verdict is sufficiently supported."

If the burden of proof is upon the plaintiff to establish the allegations in her petition, then when the proof is all in, if the allegations in the petition are not established, it is the duty of the jury to find for the defendant, and it is their duty to do so in any event and without considering any other question. The instruction complained of requires the evidence to preponderate in favor of the defendant or to be equally balanced before there can be a verdict for the defendant. I am opposed to the instruction. I believe it to be wrong. I think the case should be reversed. I think that the jury should have been told in substance that, if upon the whole evidence they were unable to say that the plaintiff's case was established by a preponderance of such evidence, then they should find for the defendant.